### JOE HASTINGS v. STATE.

#### No. A-3332. Opinion Filed Dec. 16, 1919.

#### (185 Pac. 534.)

Appeal from County Court, Tulsa County; H. L. Standeven, Judge.

Joe Hastings was convicted of a violation of the prohibitory liquor law, and he appeals. Affirmed.

Morse Garrett, for plaintiff in error.

S. P. Freeling, Atty. Gen., and W. C. Hall, Asst. Atty. Gen., for the State.

PER CURIAM. Plaintiff in error, Joe Hastings, and T. R. McCullough were tried and convicted on an information charging that they in Tulsa county on the 14th day of October, 1917, did have in their possession six quarts of gin, two quarts of whisky, and 69 half pints of whisky, with the unlawful intention to sell the same. The punishment of plaintiff in error was fixed at imprisonment in the county jail for 60 days and a fine of $200. From the judgment rendered on the verdict, he appeals. The errors assigned question the sufficiency of the evidence to sustain the verdict.

The only testimony is that introduced by the state. It is as follows: G. H. Blaine, a police officer, testified that he was acquainted with Joe Hastings and his codefendant; that he saw Hastings on the

date alleged at a garage in the city of Tulsa; that he and another officer were watching the garage, and they saw a car drive in the alley which stopped in the rear of the garage, and the defendant Hastings lifted out a sack of whisky and took the same into the garage; that he and the other officer went in, arrested the defendant Hastings, and took the whisky; that they also found a plant located in the concrete floor of the garage and there found a large amount of whisky; that shortly afterwards he had a conversation with the defendant Hastings, and Hastings admitted that he and his codefendant, McCullough, owned the whisky and that they were selling whisky.

Carl Lewis, a policeman, testified that he was with Officer Blaine, watching the garage, and his testimony is in substance the same as that of the witness Blaine.

The foregoing statement shows that the testimony is such that it unquestionably supports the verdict and conviction.

Finding no prejudicial error in the record, the judgment is affirmed.